## DUNLAP v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. May 7, 1926.)

No. 7074.

1. **Perjury** ⊙⟹29(4)—**In perjury case, variance of date of'homestead entry as alleged and as shown in documents introduced held immaterial, where same serial number and description was used as was carried by homestead application containing correct date.**

In prosecution for perjury for having made false statements respecting residence on homestead, variance in date of homestead entry as alleged in indictment and as shown in proof by documents sworn to on making final proof *held* immaterial, and properly disregarded by trial court, where same serial number and description was given in such documents as was used in homestead application stating correct date of entry; defendant not being taken by surprise by introduction of such documents containing erroneous dates.

2. **Perjury** ⊙⟹9(2)—**In perjury case, register of land office held to have authority to administer oath and take final proof of homestead entry, though documents on final proof contained wrong date of original entry.**

Register of land office *held* to have had authority to administer oath· and take final proof of homestead entry, although documents on final proof contained wrong· date of original entry, and hence charge of perjury could be predicated thereon.

3. **Public lands** ⊙⟹102.

It is province of local land officers and board of equitable adjudication to determine what reasons are satisfactory for delay in making final proof on homestead entries.

4. Public lands ⬅102—Register of land office held authorized to take final proof of homestead entry after lapse of more than five years from date of application to make entry (Homestead Act Feb. 19, 1909 [Comp. St. § 4563 et seq.]; Rev. St. § 2291, as amended [Comp. St. § 4532]; Rev. St. § 2450, as amended by Act Sept. 20, 1922 [Comp. St. Ann. Supp. 1923, § 5106]).

Under Homestead Act Feb. 19, 1909 (Comp. St. § 4563 et seq.), Rev. St. § 2291, as amended (Comp. St. § 4532), and Rev. St. § 2450, as amended by Act Sept. 20, 1922 (Comp. St. Ann. Supp. 1923, § 5106), register of land office *held* to have had authority to take final proof of homestead entry after lapse of more than five years from date of application to make entry.

Lewis, Circuit Judge, dissenting.

In Error to the District Court of the United States for the District of New Mexico; Colin Neblett, Judge.

Henry C. Dunlap was convicted of perjury, and he brings error. Affirmed.

William A. Gillenwater, of Clovis, N. M. (A. B. Renehan, Carl H. Gilbert, and Charles B. Barker, all of Santa Fé, N. M., on the brief), for plaintiff in error.

Harry S. Bowman, Asst. U. S. Atty., of Santa Fé., N. M. (John W. Wilson, U. S. Atty., of Albuquerque, N. M., on the brief), for defendant in error.

Before LEWIS, Circuit Judge, and MUNGER and JOHNSON, District Judges.

JOHNSON, District Judge. Plaintiff in error was convicted in the court below of the crime of perjury. The indictment charged that plaintiff in error on the 21st day of June, 1917, filed in the land office at Ft. Sumner, N. M., an application to make homestead entry under the Act of February 19, 1909, on the S. E. ¼ of section 9 and the S. W. ¼ of section 10, in township 3 south, range 23 east, N. M. P. M.; that he thereafter caused to be published notice of his intention to make three-year proof to establish his claim of the said land before the register and receiver of said land office; that on the 23d day of December, he appeared, was sworn by the register, and made certain false statements respecting his residence upon said land.

At the trial the prosecution introduced in evidence:

(1) The application of the defendant to make homestead entry on the lands described in the indictment, dated June 21, 1917, indorsed serial No. 016879, and application and affidavit receipt No. 1946994;

(2) The notice of intention to make proof, dated October 29, 1922, which read so far as material as follows:

"I, Henry C. Dunlap, of Dunlap, New Mexico, who, on

Jan. 3, 1918, of
June 21, 1919         made
017610

Original and Addl. Hds. No. 016879, for SW SW¼ Sec. 3, NE¼ & SE¼ Sec. 9; W½ NW¼, NE¼ NW¼, and SW¼, Section 10, Township 3 S, Range 23 E, N. M. P. Meridian, hereby give notice of my intention to make three year Proof, to establish my claim to the land above described, before Register & Receiver, U. S. Land Office, at Fort Sumner, N. M. on the 23rd day of Dec. 1922."

(3) Copy of the notice of the hearing posted and published by the register of the land office. This notice followed the recitals contained in the notice of intention to make proof.

(4) Final proof signed by the defendant, which was taken before the register of the land office on December 23, 1922. This proof, among other matters not necessary to be set out, contained the following:

"U. S. Land Office, Fort Sumner, N. M.
~~017610~~

                 Serial No. 016879
Additional Entry   Serial No. ~~016789~~
1946994                    017610
2043868       Receipt No. 2547335
*   *   *

"Q. 3. Are you the same person who made original homestead entry No. 016879 on Jany. 3, 1918, and additional homestead entry No. 017610 on June 21, 1919, 19—, at the Fort Sumner U. S. Land Office, for SW¼ Sec. 10, SE¼ Sec. 9, SW¼SW¼ Sec. 3, NE¼ Sec. 9, W½NW¼, NE¼NW¼ Section 10, Township 3 S., Range 23 E., N. M. P. Meridian? * * * A. Yes, sir.

"Q. 7. State fully: (a) Whether the residence claimed in connection with this proof was made upon your original or your additional entry; (b) when you first established actual residence on the land. * * * A. (a) Original. (b) June 17, 1917.

"Q. 8. (a) Have you a habitable house on the land? (b) When was it built? * * * A. (a) Yes. (b) June, 1917.

"Q. 9. Considering each 'residence year' as beginning with the day and month on which residence was first established, state definitely the time, or times, during each residence year when you were actually residing on the land, and the time or times, when you

were absent from the land. A. I actually resided on the land

| Residence Year | From— | To— |
|---|---|---|
| 1917) | June 1, 1917) | Sept. 1, 1917) |
| 1917) | Nov. 1, 1917) | Jany 1, 1918) |

\* \* \*

"Q. 11. State the number of acres cultivated, kind of crop planted, and amount harvested, each year, and state to what extent you have used the land for grazing. A. \* \* \* None of this land has been cultivated. I was allowed \* - \* \* reduction of cultivation to grazing. \* \* \* I have grazed thirty head of cattle on this land each year, \* \* \* for the years 1917, 1918, 1919, 1920, 1921, 1922, 19—. \* \* \*

"Q. 18. Have you ever made any other homestead entry? If so, describe the same. A. No, sir.

"Q. 19. Describe by legal subdivisions, or by number, kind of entry, and office where made, any entry or filing (not mineral) other than homestead made by you since August 30, 1890. A. I have not since August 30, 1890, made any entry or filing other than homestead entry."

(5) The following affidavit signed and sworn to by the defendant before the register on the same day he submitted his final proof:

Serial No.          016879
                    017610

"In re Final Proof of Henry C. Dunlap.

"Henry C. Dunlap, after being duly sworn, on his oath states: That he is the same person who made homestead entry serial No. 016879, Orig. Hd., for SW¼ Sec. 10, and SE¼ Sec. 9, and Add. Hd., Serial No. 017610, for W½NW¼, NE¼NW¼ Sec. 10, SW¼SW¼ Sec. 3, and NE¼ Sec. 9, all in T. 3 S., R. 23 E. That said original homestead was allowed to him, on June 21, 1917, and that he submitted proof on said original and additional homesteads, on December 23, 1922, before the register and receiver of the U. S. Land Office, at Ft. Sumner, N. M. That on account of financial conditions, and the droughty conditions of the country, and having been out of work about the time the five years expired, I was not financially able to submit final proof on the land, at the expiration of the five years, to wit, June 21, 1922."

It is recited in the notice of intention to make final proof, and repeated in the notice of the hearing given by the register, that the original application to make homestead entry was made on January 3, 1918. This date is also used in Q. 3 of the final proof submitted on December 23, 1922. The defendant by objections and exceptions raised in the court below the questions now to be considered.

[1] He claims there was a fatal variance between the proof and the indictment, in that the indictment charged that the application for the homestead entry was made on June 21, 1917, while the evidence introduced showed that final proof was submitted on an application made January 3, 1918. It is clear beyond any reasonable doubt that the defendant made no homestead entry on January 3, 1918. It does not appear how the date January 3, 1918, happened to be used instead of the true date, June 21, 1917. It must have been the result of a mistake which was not observed until after the final proof had been taken. That it was observed is evident from the recitals contained in the affidavit made to excuse the delay in making final proof, wherein the defendant says:

"That said original homestead was allowed to him on June 21, 1917, and that he submitted proof on said original and additional homesteads on December 23, 1922, before the register and receiver of the U. S. Land Office, at Ft. Sumner, N. M. That on account of financial conditions, and the droughty conditions of the country, and having been out of work about the time the five years expired, I was not financially able to submit final proof on the land, at the expiration of the five years, to wit, June 21, 1922."

The three documents giving the date of the application of the homestead entry as January 3, 1918, have the same serial number carried by the application dated June 21, 1917, viz. No. 016879. The final proof taken December 23, 1922, and the application to make homestead entry dated June 21, 1917 carry receipt No. 1946994. The lands described in the application dated June 21, 1917, are described with other lands in the three documents containing the date January 3, 1918. In the affidavit excusing delay the lands in the application dated June 21, 1917 are described with other lands, the serial number is given correctly, and the date of application to make homestead entry is given as June 21, 1917. The defendant was not taken by surprise by the introduction in evidence of the documents containing this erroneous date. These documents, though incorrect in respect to the date of the application, otherwise so conclusively identified the application of the defendant to make homestead entry, dated June 21, 1917, that we are

of opinion the variance in the dates was immaterial, and properly disregarded by the trial court.

[2] It is urged that the error as to the date of the application in the notice of intention and in the notice of the hearing rendered the whole proceeding void; that the register by reason of such error was without jurisdiction to administer the oath or to take the testimony of defendant at the hearing on the 23d day of December, 1922; and that the statements charged in the indictment, though false and wilfully made, did not constitute perjury under the law. Of course, this is true, if the proceedings were void; but, for the reasons already given, we are of opinion the register was not without authority to administer the oath and take the final proof submitted by the defendant.

[3, 4] The defendant makes the further contention that the register was without authority to take final proof on December 23, 1922, because more than five years had elapsed since June 21, 1917, the date of the application to make entry. In respect to final proof for the purpose of securing patent to lands under the Homestead Act of February 19, 1909 (Comp. St. § 4563 et seq.), section 2291 as amended of the Revised Statutes of the United States (Comp. St. § 4532), provides:

"No certificate, however, shall be given or patent issued therefor until the expiration of three years from the date of such entry; and if at the expiration of such time, or at any time within two years thereafter, the person making such entry * * * proves by himself and by two credible witnesses that he * * * have a habitable house upon the land and have actually resided upon and cultivated the same for the term of three years succeeding the time of filing the affidavit. * * *"

Section 2450 of the Revised Statutes, as amended by the Act of September 20, 1922 (Comp. St. Ann. Supp. 1923, § 5106), provides that:

"The Commissioner of the General Land Office is authorized to decide upon principles of equity and justice, as recognized in courts of equity, and in accordance with regulations to be approved by the Secretary of the Interior, consistently with such principles, all cases of suspended entries of public lands and of suspended pre-emption land claims, and to adjudge in what cases patents shall issue upon the same."

The department has made the following regulation:

"Proof [final proof on homestead entries] must be submitted within five years. Failure to submit proof within the proper period is ground for cancellation of the entry, unless good reasons for the delay appears. Satisfactory reasons being shown, final certificate may be issued and the case referred to the board of equitable adjudication for confirmation." Paragraph 37, p. 18, Circular No. 541, General Land Office.

The affidavit excusing delay in making final proof should not be tested by technical rules of pleading. The authority or jurisdiction of the officers of the Land Department to hear and determine the matter did not depend upon the kind of reasons given in the affidavit excusing delay. Authority in the first instance to pass upon and determine the sufficiency of the excuses for delay is vested in the register and receiver of the local land office, and, if the reasons given are satisfactory to these officers, the case is referred to the board of equitable adjudication for confirmation. It is the province of the local land officers and of the board of equitable adjudication to determine what reasons are satisfactory. Hawley v. Dillir, 178 U. S. 476, 20 S. Ct. 986, 44 L. Ed. 1157.

We are of opinion the register and receiver had jurisdiction to take the final proof and to consider the affidavit excusing delay, and determine whether the entry should be canceled or a final certificate issued and the case referred to the board of equitable adjudication for confirmation.

Judgment affirmed.

LEWIS, Circuit Judge (dissenting). Plaintiff in error was convicted and sentenced to imprisonment on a charge of perjury, based on alleged false statements he made in his affidavit of final proof on a homestead entry. The real objection made here is that there was no proof to sustain the charge laid against him in the indictment; that which was offered by the prosecution, over objection and exception, having no tendency to support the charge. That charge, as has been stated, is that Dunlap, on June 21, 1917, filed in the United States Land Office at Fort Sumner, New Mexico, an application to make homestead entry under the Act of February 19, 1909, on the S. E. ¼ of Sec. 9 and the S. W. ¼ of Sec. 10, Township 3, Range 23, that thereafter he caused to be published notice of his intention to make final proof before the Register and Receiver on December 23, 1922, that he appeared before the Receiver on the day stated to make his final proof and on that day stated under oath in said affidavit the different periods

during each of the five years, beginning with 1917, that he had resided upon the said land, and that his said statements in that respect were false as he then and there well knew. The charge thus made against him is plain and simple; but the case was put in some uncertainty and really upset when it came to the notice of final proof and the procedure taken in relation thereto. Before coming to state that situation I will refer to the statutes covering the subject-matter involved.

The Act of February 19, 1909 (35 Stat. 639, U. S. Comp. St. § 4563 et seq.), provides for enlarged homesteads that may be acquired by qualified entryman within certain States, including New Mexico, of 320 acres or less of non-mineral and non-irrigable lands which do not contain merchantable timber. The entryman must make affidavit as required by section 2290 of the Revised Statutes (Comp. St. § 4531), and in addition thereto shall make affidavit that the land sought to be entered is of the character just described. By section 3 of the Act (Comp. St. § 4565) he is permitted to make additional entry of the kind of lands described, if his first entry shall be less than 320 acres, but the two entries together shall not exceed 320 acres. At the time he makes final proof he shall prove by *himself and two credible witnesses* that at least one-sixteenth of the area embraced in his entry was continuously cultivated for agriculture and crops other than native grasses, beginning with the second year of the entry, and that one-eighth of the area was so cultivated beginning with the third year of the entry. The Act under which the indictment charged the entry to have been made, the terms of which have just been noted, is known as the Enlarged Homestead Act. On December 29, 1916, Congress passed an Act known as the Stock Raising Homestead Act (39 Stat. 862 [Comp. St. §§ 4587a–4587k]), under which a qualified entryman may enter not to exceed 640 acres of unappropriated and unreserved public lands. Section 2 of that Act (Comp. St. § 4587b) restricts the lands that may be entered under it to those that, in the opinion of the Secretary of the Interior, are chiefly valuable for grazing and raising forage crops, do not contain merchantable timber, are not susceptible of irrigation from any known source of water supply, and are of such character that 640 acres are reasonably required for the support of a family. Title may be acquired in compliance with the terms of the homestead laws. If the original entry does not embrace 640 acres, the entryman may make an additional entry of the same character of lands which,

together with the former entry, shall not exceed 640 acres. In that case residence shall be required only on the first entry, but improvements tending to increase the value of the land for stock-raising purposes shall be made on both entries, of a value of not less than $1.25 per acre, and at least one-half of such improvements shall be placed upon the land within three years after the date of entry. The additional entry may be made under this Act either before or after final proof has been submitted upon the first entry. There is a marked and substantial difference between the character of the land and the amount thereof in acreage that may be entered under these Acts.

On October 29, 1922, Dunlap submitted to the register a written notice of his intention to make final proof on December 23, 1922, on his two entries, wherein he represented that his first or original entry was made on January 3, 1918 (not June 21, 1917), and his second or additional entry as made on June 21, 1919, and that the two entries, as shown by legal subdivisions embodied in the notice, set out in the majority opinion, contain 640 acres. The register on that same day prepared and signed a notice for publication, stating that final proof on the two entries would be made at the U. S. Land Office at Fort Sumner on December 23, 1922, and he therein stated that the first or original entry was made January 3, 1918, and the second or additional entry on June 21, 1919, and that the two entries embraced 640 acres of land as shown by the legal subdivisions therein named. The record contains proof that this notice was published in the Sumner Review, a newspaper issued at Fort Sumner, and also posted in a conspicuous place in the Land Office there for a period of thirty days. Both of these published notices mentioned the two entries, one as made on January 3, 1918, and the other on June 21, 1919. Dunlap's affidavit of final proof, which includes his alleged false statements, is entitled:

"Form approved by the Secretary of the Interior January 7, 1922.

"Stock-Raising Homestead Final Proof.

"Testimony of Claimant.

"Department of the Interior."

In this affidavit question 3 and the answer thereto, set out in the majority opinion, read thus:

"Q. 3. Are you the same person who made original homestead entry No. 016879 on January 3, 1918, and additional homestead entry No. 017610 on June 21, 1919, at the Fort Sumner U. S. Land Office, for SW¼ Sec. 10 SE¼ Sec. 9, SW¼SW¼ Sec. 3,

NE¼ Sec. 9, W½NW¼, NE¼NW¼ Section 10, Township 3 S., Range 23 E., N. M. P. Meridian? If not, give relationship to entryman. A. Yes sir."

The record contains Dunlap's application, dated June 21, 1917, to enter the 320 acres described in the indictment, under the Act of February 19, 1909. He described it as being the kind of land defined in that Act, and the register certified that it was of the class which the applicant was entitled to enter under that Act. I think it appears with equal clearness that Dunlap's notice of intention to make final proof, the publication of notice for final proof, and Dunlap's affidavit on final proof did not, nor did any of them, include or intend to include the taking of final proof on the entry plead in the indictment. Whether or not Dunlap made or did not make an original entry on January 3, 1918, under the Act of December 29, 1916, for a stock-raising homestead, is beside the point. The notices were given and Dunlap's affidavit was taken on the assumption that he made such an entry, and the final proof that was to be taken, and was taken on December 23, 1922, was in relation to that entry and his additional entry under the same Act made on June 21, 1919. Prima facie he did make an entry on January 3, 1918, under the Act of December 29, 1916; because it cannot be believed that the register would have accepted his notice of intention to make proof, published the same and accepted from Dunlap his affidavit unless the two entries therein named, and as of the dates named, had been made by him. The two entries together included by description the maximum amount of land that could be entered under the Stock Raising Homestead Act, and more than could be entered under the Act of February 19, 1909. Furthermore, one who makes an entry under the Act of February 19, 1909, cannot make an additional entry of 320 acres under the Act of December 29, 1916. The character of the land that may be entered under the prior Act is different from that which can be entered under the later Act, and the later Act requires that the two entries that can be made under it must each cover lands of the kind and character which it describes.

I am, therefore, convinced that the court erred in admitting, over objection, all of the documents and files made up at the final proof, because none of them tended to establish the charge of the indictment, nor is there any other proof that sustains it. The date of the original entry as having been made on January 3, 1918, is repeated too many times in the several papers relating to the final

proof to be attributed to mere oversight or clerical mistake. In addition to that, question 3 (quoted above) propounded to Dunlap in his final proof refers to the original homestead entry as made on January 3, 1918, and Dunlap in his answer affirmed that to be the correct date. These facts are consistent with and only consistent with a conclusion that Dunlap abandoned the entry of June 21, 1917, under the Act of February 19, 1909, and was permitted to make and did make an original entry of the same land on January 3, 1918, under the Act of December 29, 1916. It ought to take no argument to refute a contention, if made, that one charged with false swearing as to a specific entry can be convicted of perjury concerning an entirely different entry. I think the prosecution wholly failed and that the judgment should be reversed.